UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARLA GRINDLAND DESTIFANES,           ) <br>                                                           ) <br>      Plaintiff/Counterclaim Defendant,   ) <br>                                                        ) <br> vs.                                                      ) <br>                                                      ) <br> BRICKLAYERS LOCAL #1 OF MISSOURI ) <br> SUPPLEMENTAL PENSION FUND         ) <br> and BRICKLAYERS LOCAL #1 OF       ) <br> MISSOURI PENSION FUND,               ) <br>                                                      ) <br>    Defendants/Cross and Counter Claimants, ) <br>                                                     ) <br> vs.                                                      ) <br>                                                      ) <br> BETH DESTIFANES,                            ) <br>                                                      ) <br>      Defendant/Crossclaim Defendant.      ) | Case No. 4:20-CV-00750-NCC |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant and Crossclaim Defendant Beth Destifanes' Motion to Stay (Doc. 27) and Defendants and Cross and Counter Claimants Bricklayers Local #1 of Missouri Supplemental Pension Fund and Bricklayers Local #1 of Missouri Pension Fund's interrelated Motion to Deposit Funds (Doc. 33). The motions are fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 41). For the following reasons, the Defendant and Crossclaim Defendant Beth Destifanes' Motion to Stay (Doc. 27) will be **GRANTED** and Defendants and Cross and Counter Claimants Bricklayers Local #1 of Missouri Supplemental Pension Fund and Bricklayers Local #1 of Missouri Pension Fund's interrelated Motion to Deposit Funds (Doc. 33) will be **DENIED, without prejudice**.

## I. Background

On June 9, 2020, Plaintiff Carla Grindland Destifanes ("Carla Destifanes") filed a complaint for declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 against Defendants Beth Destifanes ("Beth Destifanes"), Bricklayers Local #1 of Missouri Supplemental Pension Fund (the "Supplemental Pension"), and Bricklayers Local #1 of Missouri Pension Fund (the "Pension") (collectively the "Pensions") (all collectively "Defendants") (Doc. 1).  In her Complaint, Carla Destifanes seeks a declaration that she is entitled to the proceeds of the Pension and the Supplemental Pension of decedent Andrew Destifanes as his surviving spouse.  Andrew Destifanes passed away on September 8, 2018, in Crawford County, Missouri.  Beth Destifanes is the named sole beneficiary of the Pension and the Supplemental Pension (Doc. 13 at 9).  The parties do not dispute that the Pension benefits inure to Andrew Destifanes' surviving spouse at the time of his death and the Supplemental Pension benefits are equally distributed to Andrew Destifanes' named beneficiary (50%) and his surviving spouse (50%) (Doc. 1 at 3; Doc. 13 at 8; Doc. 28 at 2).  Carla Destifanes alleges that her marriage to Andrew Destifanes was never dissolved and therefore Beth Destifanes was not lawfully married to Andrew Destifanes on the date of his passing.  Carla Destifanes also seeks a declaration that real estate owned by Beth Destifanes and Andrew Destifanes as "husband and wife" with rights of survivorship is a co-tenancy and must be probated subject to Carla's spousal share.

On October 24, 2018, Robert Destifanes, Andrew Destifanes' brother, filed an Application for Letters of Administrations in the probate court of Crawford County, Missouri (Case No. 18CF-PR00111) (the "Probate Case").  In the Probate Case, Robert Destifanes claimed that Andrew Destifanes died intestate.  On November 20, 2018, Beth Destifanes filed an Application for Letters Testamentary and a Petition for Presentment of Instrument for Probate as Andrew Destifanes died testate.  On March 26, 2019, Carla Destifanes filed an Election as

2

Surviving Spouse to take against Andrew Destifanes' will on the basis that she married Andrew on May 7, 1992, and was still married to Andrew at the time of his death.  The next day, Carla Destifanes also filed an Application for Surviving Spouse for Family Allowance, an Application of Surviving Spouse for Homestead Allowance, and an Application of Surviving Spouse for Exempt Property Allowance.  Payments associated with the Pension and the Supplemental Pension were previously distributed to Beth Destifanes but have been halted until resolution of the Probate Case.  On May 28, 2020, Beth Destifanes filed a Motion for Determination of Heirship and Matrimonial Status and Motion for Determination of Abandonment on the Part of Carla Destifanes in the Probate Case.  As of today's date, the motions remain pending in the Probate Case are set for hearing on November 4, 2020.

Approximately ten days after the filing of Beth Destifanes' Motions in state court, Carla Destifanes filed the current action.  The Pensions filed an Answer and Counter and Cross Claims for interpleader under Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1331 (Doc. 13).  The Pensions seek an order allowing the Pensions to bring submit to the registry all the benefits payable as a result of Andrew Destifanes' death and, upon payment into the registry, dismissal of it from the action with prejudice and release and discharge from any and all claims of any person to the benefits payable by the Pensions.  The Pensions also request their costs and attorney fees be deducted from the sum of money paid into the Court's registry.

On August 10, 2020, Beth Destifanes filed a Motion to Stay the current action pending resolution of the state probate action (Doc. 27).  On August 24, 2020, the Pensions filed a Motion for Order to Deposit Funds (Doc. 33).  In their Motion, the Pensions request that the Court order that the disputed funds be deposited into the Court Registry.  During the pendency of these motions, Carla Destifanes filed a Motion for Leave to File State Case Update and Exhibits (Doc. 43).  In her Motion, Carla Destifanes requests the Court consider her disclaimer of spousal

3

rights and a letter from Beth Destifanes' probate counsel dated March 20, 2019, attached as exhibits to the Motion (Docs. 43-1, 43-2).  Relevant to the current issue, in a signed and notarized October 22, 2020 statement Carla Destifanes "disclaim[s] her spousal rights to the probate estate of Andrew Joseph Destifanes" (Doc. 43-1).  As a preliminary matter, the Court will grant Plaintiff's Motion and consider the exhibits attached to the Motion.

## II. Analysis

### A. Motion to Stay

A federal court may decline to exercise or postpone the exercise of its jurisdiction over a case properly filed in federal court in which there are parallel state proceedings for "exceptional circumstances."  *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813 (1976).  "Federal courts have more discretion to abstain in an action when a party seeks relief under the Declaratory Judgment Act[]" as is the case here.  *Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 792 (8th Cir. 2008) (citing *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286-87 (1995); *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 494-95 (1942)).  This broader discretion stems from the permissive language of the Declaratory Judgment Act.  *See* 28 U.S.C. § 2201(a) ("any court… *may* declare the rights and other legal relations of any interest party seeking such declaration ….") (emphasis added).  The district court's assumption of jurisdiction over a declaratory judgment action is not automatic or obligatory.  *Wilton*, 515 U.S. at 288 (citing 28 U.S.C. § 2201(a)).  To abstain in a proceeding under the Declaratory Judgment Act, "the parallel state court proceeding must present 'the same issues, not governed by federal law, between the same parties,' and the court must evaluate 'whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.'"  *Royal Indem. Co.*, 511 F.3d at 793 (quoting *Brillhart*, 316 U.S. at 495).  "After considering these factors, a federal

court may abstain from the proceeding because "'[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where' a parallel state court proceeding is pending." *Id.* (quoting *Brillhart*, 316 U.S. at 495).

  The Court finds that abstention is warranted in this action while the state court overseeing the Probate Case determines the marital status of Andrew Destifanes at the time of his death. While ERISA properly governs the interpretation and application of the pension plans, the parties do not dispute the policies or their applicability themselves but rather the marital status of Andrew Destifanes at the time of his death.  Indeed, the parties appear in agreement regarding the rights and entitlement of the individual determined to be Andrew Destifanes' spouse at his death.  *See c.f. Egelhoff v. Egelhoff,* 532 U.S. 141, 150 (2001) (quoting *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 10 (1987)) ("We recognize that all state laws create some potential for a lack of uniformity.  But differing state regulations affecting an ERISA plan's 'system for processing claims and paying benefits' impose 'precisely the burden that ERISA pre-emption was intended to avoid.'")).  The Probate Case squarely addresses this martial status issue, one of state law.  *See Royal Indem. Co.,* 511 F.3d at 796.  *See also Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 390-91 (5th Cir. 2003) ("Each circuit's test emphasizes that if the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit.").  Despite Carla Destifanes recent filing indicating that she is disclaiming her spousal rights in the context of the heirship proceeding, it is not clear that this disclaimer resolves the issue before the state court, and as noted by Beth Destifanes and upon review of the Probate Case, the state court has not yet made a determination regarding the Andrew Destifanes' spousal status at the time of his death.  Although the Pensions are not a party to the Probate Case, a state court determination will necessarily resolve the

5

Pensions' uncertainty as the sole underlying adverse issue will be settled. Finally, the Court finds that a stay is warranted because it would be uneconomical and vexatious for the federal court to proceed; Carla Destifanes commenced this action nearly two years after the filing of the probate action and just eleven days after Beth Destifanes filed motions in the state court to address the status of Carla's marriage to Andrew Destifanes.

In conclusion, the Court finds that abstention is warranted pending resolution of the martial status issue in the Probate Case and that a temporary stay will protect the interests of all parties concerned. *Royal Indem. Co.*, 511 F.3d at 797 (internal quotations and citation omitted) ("[W]here the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case . . . fails to resolve the matter in controversy."). Upon resolution of the spousal status issue in the Probate Case, the Court will then determine whether a justiciable issue remains.

**B. Motion for Order to Deposit Funds**

On August 24, 2020, the Pensions filed a Motion for Order to Deposit Funds (Doc. 33). In their Motion, the Pensions request that the Court order that the disputed funds be deposited into the Court Registry, to be held by the Court in an interest-bearing account and disbursed by the Court upon its judgment in this case. Plaintiff Carla Destifanes has filed a limited objection to the Motion. In her objection, Carla Destifanes indicates that she objects to the Pensions' request if this matter is stayed. Specifically, citing to 28 U.S.C. § 2361,[1] Plaintiff argues that

---

[1] Under 28 U.S.C. § 2361, the court "may discharge the [interpleader] from further liability" after the contested funds have been delivered to the Court. This statute is one of three interrelated interpleader statutes encompassing so-called "Statutory Interpleader." *See* 28 U.S.C. §§ 2361, 1335, 1397. However, in this instance, the Pensions raise "Rule Interpleader" pursuant to Federal Rule of Civil Procedure 22.

deposit of the funds under this interpleader statute necessarily requires the Court to address the underlying merits of the case as the interpleader is traditionally discharged from further liability pending the resolution of the merits. Beth Destifanes has not filed a response to the Motion.

"Interpleader is a procedural device that allows a party holding money or property, concededly belonging to another, to join in a single suit two or more parties asserting mutually exclusive claims to the fund." *Acuity v. Rex, LLC*, 296 F. Supp. 3d 1105, 1107 (E.D. Mo. Oct. 30, 2017) (citing *Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1141 (8th Cir. 1976)), *aff'd*, 929 F.3d 995 (8th Cir. 2019)). A party may bring a claim under statutory interpleader, governed by 28 U.S.C. § 1336, or rule interpleader under Federal Rule of Civil Procedure 22, as is the case here. *Id.* Under Federal Rule of Civil Procedure 22, a defendant who is exposed to double liability may seek interpleader through a crossclaim or counterclaim. Interpleader is appropriate where the interpleader would be exposed to duplicitous or vexatious litigation. *Id.* Interpleader actions traditionally proceed in two stages: first, the court determines whether the interpleader action is appropriate and the stakeholder is entitled to bring the action, and second, the court determines the rights of the competing claimants to the funds. *State Farm Fire & Cas. Co. v. Peitz,* No. 4:17-CV-2927 NAB, 2018 WL 2934013, at *2 (E.D. Mo. June 12, 2018) (citing *Vanderlinden v. Metro. Life Ins. Co.,* 137 F. Supp. 2d 1160, 1164 (D. Neb. 2001)). Upon determination that the action is appropriate, the Court directs the interpleader to deposit the disputed funds with the Court pursuant to Federal Rule of Civil Procedure 67. An interpleader action may not be appropriate when a state action commenced prior to the federal action provides an adequate remedy. *Fin. Guar. Ins. Co. v. City of Fayetteville, Ark.*, 749 F. Supp. 934, 945 (W.D. Ark. 1990), *aff'd*, 943 F.2d 925 (8th Cir. 1991). "The fact that the interpleader action is merely a subset, rather than exact duplicate of the state court proceeding does not diminish [its] concurrent

nature." *Perlman v. Fid. Brokerage Servs. LLC*, 932 F. Supp. 2d 397, 417 (E.D.N.Y. 2013) (internal quotation marks omitted).

Given the pending Probate Case and the marital status issue pending in the case, the Court finds that deposit of the funds with the Court is not warranted at this time. While the Pensions are not involved in the state court matter, all the legitimate claimants to the funds are currently litigating the underlying adverse issue in state court. Indeed, as addressed above, this action represents an attempt of one of the litigants to move the controversy to a potentially more favorable forum. Permitting interpleader at this time under the current circumstance of this case does not comport with the purpose of Rule 22, which is to resolve, in a single suit, disputes over property which is subject by multiple parties. In sum, the Court will deny the Pensions' Motion without prejudice, at this time, in line with the Court's discretion to abstain from the underlying controversy. A renewed motion would be considered upon resolution of the marital status issue pending before the state court.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Motion for Leave to File State Case Update and Exhibits (Doc. 43) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant and Crossclaim Defendant Beth Destifanes' Motion to Stay (Doc. 27) is **GRANTED** and this matter is **STAYED** pending resolution of the marital status question currently pending before the state court and as detailed herein. The parties shall update the Court with a joint status report every sixty (60) days and notify the Court promptly upon resolution of the martial status issue before the state court.

**IT IS FURTHER ORDERED** that Defendants and Cross and Counter Claimants Bricklayers Local #1 of Missouri Supplemental Pension Fund and Bricklayers Local #1 of Missouri Pension Fund's Motion to Deposit Funds (Doc. 33) is **DENIED, without prejudice**.

Dated this 29th day of October, 2020.

       /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE