UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **CARLA GRINDLAND DESTIFANES,** ) | |
| ) | |
| **Plaintiff/Counterclaim Defendant,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **BRICKLAYERS LOCAL #1 OF MISSOURI** ) | |
| **SUPPLEMENTAL PENSION FUND** ) | |
| **and BRICKLAYERS LOCAL #1 OF** ) | |
| **MISSOURI PENSION FUND,** ) | Case No. 4:20-CV-00750-NCC |
| ) | |
| **Defendants/Cross and Counter Claimants,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **BETH DESTIFANES,** ) | |
| ) | |
| **Defendant/Crossclaim Defendant.** ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff and Counterclaim Defendant Carla Destifanes' Motion to Lift Stay (Doc. 48) and interrelated Motion for Leave to Request Argument Out of Time and Request for Argument on Plaintiff's Motion to Lift Stay (Doc. 54). The motions are fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 41). For the following reasons, Plaintiff's motions will be **DENIED**.

### I. Background

On June 9, 2020, Plaintiff Carla Grindland Destifanes ("Carla Destifanes" or "Plaintiff") filed a complaint for declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 against Defendants Beth Destifanes ("Beth Destifanes" or "Defendant"), Bricklayers Local #1 of Missouri

Supplemental Pension Fund (the "Supplemental Pension"), and Bricklayers Local #1 of Missouri Pension Fund (the "Pension") (collectively the "Pensions") (all collectively "Defendants") (Doc. 1). In her Complaint, Carla Destifanes seeks a declaration that she is entitled to the proceeds of the Pension and the Supplemental Pension of decedent Andrew Destifanes as his surviving spouse. Andrew Destifanes passed away on September 8, 2018, in Crawford County, Missouri. Beth Destifanes is the named sole beneficiary of the Pension and the Supplemental Pension (Doc. 13 at 9). The parties do not dispute that the Pension benefits inure to Andrew Destifanes' surviving spouse at the time of his death and the Supplemental Pension benefits are equally distributed to Andrew Destifanes' named beneficiary (50%) and his surviving spouse (50%) (Doc. 1 at 3; Doc. 13 at 8; Doc. 28 at 2). Carla Destifanes alleges that her marriage to Andrew Destifanes was never dissolved and therefore Beth Destifanes was not lawfully married to Andrew Destifanes on the date of his passing. Carla Destifanes also seeks a declaration that real estate owned by Beth Destifanes and Andrew Destifanes as "husband and wife" with rights of survivorship is a co-tenancy and must be probated subject to Carla's spousal share.

On October 24, 2018, Robert Destifanes, Andrew Destifanes' brother, filed an Application for Letters of Administrations in the probate court of Crawford County, Missouri (Case No. 18CF-PR00111) (the "Probate Case"). In the Probate Case, Robert Destifanes claimed that Andrew Destifanes died intestate. On November 20, 2018, Beth Destifanes filed an Application for Letters Testamentary and a Petition for Presentment of Instrument for Probate as Andrew Destifanes died testate. On March 26, 2019, Carla Destifanes filed an Election as Surviving Spouse to take against Andrew Destifanes' will on the basis that she married Andrew on May 7, 1992, and was still married to Andrew at the time of his death. The next day, Carla Destifanes also filed an Application for Surviving Spouse for Family Allowance, an Application of Surviving Spouse for Homestead Allowance, and an Application of Surviving Spouse for

Exempt Property Allowance. Payments associated with the Pension and the Supplemental Pension were previously distributed to Beth Destifanes but have been halted until resolution of the Probate Case. On May 28, 2020, Beth Destifanes filed a Motion for Determination of Heirship and Matrimonial Status and Motion for Determination of Abandonment on the Part of Carla Destifanes in the Probate Case. On October 22, 2020, Plaintiff filed a disclaimer of her spousal rights to the probate estate (Doc. 43-1). Plaintiff subsequently moved to dismiss Beth Destifanes' Motion for Determination of Heirship and Matrimonial Status and Motion for Determination of Abandonment. As of today's date, several motions remain pending before the state court and this case is set for trial in April.

Approximately ten days after the filing of Beth Destifanes' Motions in state court, Carla Destifanes filed the current action. The Pensions filed an Answer and Counter and Cross Claims for interpleader under Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1331 (Doc. 13). The Pensions seek an order allowing the Pensions to submit to the registry all the benefits payable as a result of Andrew Destifanes' death and, upon payment into the registry, dismissal of it from the action with prejudice and release and discharge from any and all claims of any person to the benefits payable by the Pensions. The Pensions also request their costs and attorney fees be deducted from the sum of money paid into the Court's registry.

On August 10, 2020, Beth Destifanes filed a Motion to Stay the current action pending resolution of the state probate action (Doc. 27). On August 24, 2020, the Pensions filed a Motion for Order to Deposit Funds (Doc. 33). The Court granted Beth Destifanes' Motion to Stay and denied the Pensions' Motion for Order to Deposit Funds (Doc. 46). The Court directed the parties to file joint status reports every sixty days and notify the Court promptly upon resolution of the marital status issue before the state court (*Id.*). After a brief extension of time, the parties filed a joint status report on January 7, 2021 indicating, as previously stated, that the

3

Probate Case was set for trial in April (Doc. 49). The parties filed a second Joint Status Report on March 2, 2021, informing the Court of their settlement discussions and again noting that the procedural status of the state court actions have not change significantly since the filing of the prior status report (Doc. 57).

Prior to the filing of the first joint status report, on December 31, 2020, Carla Destifanes filed the current Motion to Lift Stay (Doc. 48). In her Motion, Plaintiff asserts that the Court made an error of law when the undersigned determine that the pending probate case is a "parallel proceeding" as the probate issues are immaterial to the claim to benefits controversy (Doc. 48 at 1). Plaintiff argues that the Court should give full effect to Plaintiff's probate disclaimer which extinguished pre-mortem all her spousal claims and take note of and "deem dispositive" a written concession of Beth Destifanes' counsel in correspondence addressed to the personal representative in probate that if Plaintiff were disqualified from inheritance the probate case is moot (*Id.* at 1-2). Plaintiff again argues that this matter involves addressing the terms of the plans and the plans' obligations pursuant to ERISA and that this Court has jurisdiction over those matters (*Id.* at 3). In support of the Motion, Plaintiff again attaches an email from Beth Destifanes' probate counsel dated March 20, 2019 (*Compare* Doc. 43-2 *with* Doc. 48-2). Plaintiff subsequently filed a Motion for Leave to Request Argument Out of Time and Request for Argument of Plaintiff's Motion to Lift Stay (Doc. 54). In her request, Plaintiff acknowledges that she failed to file her request pursuant to applicable local rule but argues that because a stay is "practically tantamount to dismissal" her request should be granted (*Id.* at 1).

Defendant has responded in opposition to both Motions (Docs. 51, 55). Defendant argues that there are not any grounds to lift or reconsider the order staying this action (Doc. 51 at 1). Specifically, Defendant asserts that Plaintiff does not offer any new law or evidence but instead misinterprets the Court's prior order and the case law in this area. Similarly, in her response to

4

Plaintiff's motion requesting oral argument, Defendant argues that the request is unwarranted, vexatious, and a waste of resources for the Court and the litigants (Doc. 55). Further, Defendant asserts, Plaintiff's motion is out of time (*Id.*). In both responses, Plaintiff seeks attorneys' fees for the preparation of the briefing in opposition, arguing that Plaintiff's Motion to Lift the Stay is frivolous (Docs. 51 at 5, 55 at 5).

## II. Analysis

As there has not been a material change in the status of the Probate Case, the Court will review Plaintiff's Motion to Lift the Stay as a motion for reconsideration. Plaintiff asserts that the Court should reconsider its prior ruling staying this action because (1) the Court ruled incorrectly and inconsistently with Eighth Circuit Court of Appeals' precedent, specifically its ruling in *Fru-Con 6 Contr. Corp. v. Controlled Air, Inc.*; (2) the Court should give full effect to Plaintiff's probate disclaimer which, by operation of state law, extinguished pre-mortem all her spousal claims; and (3) the Court should take note of and deem dispositive a written concession of defendant's counsel in correspondence addressed to the personal representative in probate that if Plaintiff were disqualified from inheritance the probate case is moot (Doc. 48 at 1-2).

The Court has the authority to reconsider its own interlocutory decisions, such as the order at issue here, and the inherent authority to revise any order before entry of judgment. Fed. R. Civ. P. 54(b) (providing that "any order or other decision, however designated, that adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment"). "[A] motion for reconsideration serves the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence." *United States v. Luger*, 837 F.3d 870, 875 (8th Cir. 2016) (internal quotations omitted). Such a motion "is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." *Julianello v. K-V*

5

*Pharmaceutical Co.*, 791 F.3d 915, 923 (8th Cir. 2015).  Although the Court has the power under Rule 54(b) to revisit its prior decisions, the Court "should be loath to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'"  *Evans v. Contract Callers, Inc.*, 2012 WL 234653, at *2 (E.D. Mo. Jan 25, 2012) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)).

The Court is mindful that this is a lawsuit for declaratory relief.  As such, there is no reason to reconsider the prior decision that abstention is warranted in this action while the state court overseeing the Probate Case determines the marital status of Andrew Destifanes at the time of his death.  Plaintiff's reliance on *Fru-Con 6 Contr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527 (8th Cir. 2009) is misplaced.  *Colorado River* abstention applies when "substantial similar parties are litigating substantially similar issues in *both* state and federal court."  *Id.* at 535 (emphasis in original).  The Eighth Circuit Court of Appeals defines "substantial similarity" as occurring "when there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court."  *Id.*  However, "[f]ederal courts have more discretion to abstain in an action when a party seeks relief under the Declaratory Judgment Act[]" as is the case here.  *Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 792 (8th Cir. 2008) (citing *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286-87 (1995); *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 494-95 (1942)).  This broader discretion, the so-called *Wilton/Brillhart* Abstention Doctrine, stems from the permissive language of the Declaratory Judgment Act.  *See* 28 U.S.C. § 2201(a) ("any court… *may* declare the rights and other legal relations of any interested party seeking such declaration ….") (emphasis added).  The district court's assumption of jurisdiction over a declaratory judgment action is not automatic or obligatory.  *Wilton*, 515 U.S. at 288 (citing 28 U.S.C. § 2201(a)).  To abstain in a proceeding under the Declaratory Judgment Act, "the parallel state court proceeding must present 'the same issues, not governed by federal law,

between the same parties,' and the court must evaluate 'whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.'" *Royal Indem. Co.*, 511 F.3d at 793 (quoting *Brillhart*, 316 U.S. at 495). "After considering these factors, a federal court may abstain from the proceeding because '[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where' a parallel state court proceeding is pending." *Id.* (quoting *Brillhart*, 316 U.S. at 495).

Having now clarified the proper legal framework, the Court turns to Plaintiff's factual assertions that the Court should give full effect to Plaintiff's probate disclaimer which, by operation of state law, extinguished pre-mortem all her spousal claims; and the Court should take note of and deem dispositive a written concession of defendant's counsel in correspondence addressed to the personal representative in probate that if Plaintiff were disqualified from inheritance the probate case is moot. As the Court previously explained, Plaintiff's disclaimer of Andrew Destifanes' estate does not adjudicate the marital status of Andrew Destifanes' at the time of his death. Indeed, this document as well as the email from Defendant's other counsel, both of which Plaintiff relies on for reconsideration, were previously provided to the Court in the briefing associated with the original motion to stay. A motion for reconsideration is not the appropriate time to relitigate such matters. *Luger*, 837 F.3d at 875. As noted by Defendant, the issue of who Andrew Destifanes was married to when he died is still pending in Crawford County Probate Court and the matter could be adjudicated next month (Doc. 51 at 1). *See In the Estate of: Andrew Joseph Destifanes,* Case No. 18CF-PR00111 (Crawford County, Missouri). A temporary stay will protect the interests of all parties concerned as this question of state law will necessarily resolve the sole underlying issue in the federal declaratory judgment action. Thus, the Court finds Plaintiff's request for oral argument on the motion to be unnecessary and will

7

deny Plaintiff's Motion to Lift the Stay.  Further, while attorneys' fees are not yet warranted for Plaintiff's persistent filings, the Court will not hesitate to impose sanctions at a later date, if warranted.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff and Counterclaim Defendant Carla Destifanes' Motion to Lift Stay (Doc. 48) and interrelated Motion for Leave to Request Argument Out of Time and Request for Argument on Plaintiff's Motion to Lift Stay (Doc. 54) are **DENIED**.  The parties shall continue to update the Court with a joint status report every ninety (90) days and notify the Court promptly upon resolution of the marital status issue before the state court.

Dated this 5th day of March, 2021.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE